UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AKO K. BURRELL,

                                        Plaintiff,                    9:23-CV-0915
                                                                     (BKS/PJE)

                    v.

SGT. HOWARD, et al.,

                                        Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

AKO K. BURRELL
Plaintiff, pro se
19070
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

HON. LETITIA JAMES                                AIMEE COWAN, ESQ.
New York State Attorney General - Syracuse        Assistant Attorney General
300 South State Street - Suite 300
Syracuse, NY 13202
Attorney for Defendants

BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

## I.     INTRODUCTION

        Pro se plaintiff Ako K. Burrell  ("plaintiff") commenced this action pursuant to 42 U.S.C.

§ 1983 asserting claims arising out of his confinement in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional

Facility ("Mid-State C.F.").  *See* Dkt. No. 1 ("Compl.").  By Decision and Order filed on

September 7, 2023 (the "September 2023 Order"), the Court directed a response to the

Eighth Amendment excessive force claims against defendants Gerhardt, Lacoppla, C.O. John Does 1 through 6, Connor, Palmer, Walker, Howard, Beach, Huntley, Bjork, Nurudeen, Tomwel, Topel, Nurse Doe, Annarino, and Petrius.  *See generally* Dkt. No. 6.

Presently before the Court is plaintiff's motion for preliminary injunctive relief.  Dkt. No. 75.  Defendants oppose the motion.  Dkt. No. 79.

## II.     MOTION FOR A PRELIMINARY INJUNCTION

### A.  Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.' " *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs*., 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher."  *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very

serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex. rel. Schneiderman*, 136 S. Ct. 581 (2015) (citation and internal quotation marks omitted). Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

## B.  Analysis

Plaintiff is presently confined at Oneida County C.F.  *See* Dkt. No. 63.  On January 13, 2025, plaintiff filed the within motion seeking an order enjoining the Oneida County Jail Chief Mark Kinderman from (1) denying plaintiff access to the law library; (2) denying plaintiff sufficient postage and legal supplies; (3) denying plaintiff the ability to send legal mail in large envelopes to the Attorney General and United States District Courts.  Dkt. No. 75 at 1.

On the same day, plaintiff filed the same request for injunctive relief in another action in this District.  *See Burrell v. Spence, et al.*, No. 9:23-CV-0454 (MAD/DJS), Dkt. No. 68 (N.D.N.Y. filed Jan. 13, 2025) ("*Burrell I*").  In a Decision and Order filed on March 19, 2025, the Hon. Mae A. D'Agostino denied plaintiff's request reasoning:

> As discussed *supra*, the defendants herein are Benjamin, Huyhn, Spence, and Conger.  Plaintiff seeks relief against Kinderman, the Chief of Oneida County C.F.  *See* Dkt. No. 68.  To the extent that plaintiff seeks injunctive relief against individuals, who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").
>
> Even if the court could provide relief requested, the issues underlying plaintiff's request for injunctive relief are unrelated to the defendants and the claims in this action.  The amended complaint contains Eighth and First Amendment claims arising out of incidents that occurred at Five Points C.F.  *See generally* Compl.  The issues surrounding plaintiff's access to the law library, postage, and legal and mailing supplies at Oneida County C.F. are wholly unrelated to plaintiff's underlying claims.  Thus, plaintiff cannot establish a likelihood of success on the merits of his underlying claim and plaintiff's request for relief is denied.  *See Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions

4

> taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007); s*ee also Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).

*Burrell I*, Dkt. No. 73 at 4.

As noted *supra*, the complaint contains Eighth Amendment excessive force claims against defendants Gerhardt, Lacoppla, C.O. John Does 1 through 6, Connor, Palmer, Walker, Howard, Beach, Huntley, Bjork, Nurudeen, Tomwel, Topel, Nurse Doe, Annarino, and Petrius arising out of incidents that occurred at Mid-State C.F. *See generally* Compl. Accordingly, for the reasons set forth by the Court in *Burrell I*, this Court also denies plaintiff's motion for injunctive relief.[1]

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 75) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: <u>March 25, 2025</u>

Brenda K. Sannes
Chief U.S. District Judge

---

[1] Plaintiff is advised that concerns regarding his mail should be addressed through administrative channels at Oneida County C.F. and, if necessary, by means of a properly filed action in the appropriate District Court.